JUDGE PAULEY

12 CIV 4666

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------------------x
RONALD LAURIA,

                Plaintiff,

    -against-

CITY OF NEW YORK, POLICE OFFICER FREDERIC
ORTIZ, and POLICE OFFICERS "JOHN DOE" whose
identities are currently unknown.

                Defendants.

-------------------------------------------------------------------------x

**VERIFIED COMPLAINT**

JURY TRIAL DEMANDED

Plaintiff, by his attorneys, MARK L. LUBELSKY AND ASSOCIATES, complaining of

the Defendants, alleges as follows:

## NATURE OF CASE

1.    This is an action by a citizen of the United States brought to remedy a deprivation of his

civil rights by person(s) acting under color of state law in violation of 42 U.S.C. Section 1983

seeking damages, and other appropriate legal and equitable relief.

## PROCEDURAL AND JURISDICTION PREREQUISITES

2.    Plaintiff has complied fully with all prerequisites to jurisdiction in this Court.  Jurisdiction

of the court is proper under 28 U.S.C. Sections 1331 and 1343 and 42 U.S.C. Section 1983.

3.    As the unlawful practices complained of herein occurred within the Southern District of

New York, venue is proper.

## PARTIES

4.     Upon information and belief, that at all times hereinafter mentioned, Defendant THE CITY OF NEW YORK was and still is a municipal corporation having its principal place of business in the County, City and State of New York.

5.     Upon information and belief, that at all times hereinafter mentioned, Defendant THE CITY OF NEW YORK operated, maintained and was responsible for The New York City Police Department located in the County of Manhattan, City and State of New York.

6.     Upon information and belief POLICE OFFICER FREDERIC ORTIZ deprived Plaintiff of his civil rights while acting under color of state law.

7.     Upon information and belief POLICE OFFICERS "JOHN DOE" deprived Plaintiff of his civil rights while acting under color of state law.

8.     Upon information and belief defendant POLICE OFFICER FREDERIC ORTIZ was employed by the New York City Police Department at all material times herein.

9.     Upon information and belief defendant POLICE OFFICERS "JOHN DOE" was employed by the New York City Police Department at all material times herein.

10.     Upon information and belief defendant POLICE OFFICER FREDERIC ORTIZ was employed by THE CITY OF NEW YORK at all material times herein.

11.     Upon information and belief defendant POLICE OFFICERS "JOHN DOE" was employed by THE CITY OF NEW YORK at all material times herein.

12.     At all material times herein, Plaintiff was and is a resident of the County of New York, State of New York.

13.     Plaintiff at all relevant times herein, resided at 401 West 16 Street, 2A, New York, New York.

## MATERIAL FACTS

14.     On or about November 8, 2011 at or about 5:30 p.m. Plaintiff was unlawfully arrested by the Defendants.

15.     On or about November 8, 2011 at or about 5:30 p.m. Plaintiff was unlawfully arrested by the Defendants while lawfully walking along West 17th street, New York, New York.

16.     On or about November 8, 2011 at or about 5:30 p.m., Plaintiff ran into an acquaintance on West 17th Street, New York, New York.

17.     On or about November 8, 2011 at or about 5:30 p.m., Plaintiff said hello and shook the acquaintances hand and continued to lawfully walk along West 17th Street, New York, New York.

18.     On or about November 8, 2011 at or about 5:30 p.m., Plaintiff was approached by Defendant Officers.

19.     On or about November 8, 2011 at or about 5:30 p.m., Defendant Officers stated "Did you pass him money for drugs?"

20.     On or about November 8, 2011 at or about 5:30 p.m., Plaintiff stated "No."

21.     On or about November 8, 2011 at or about 5:30 p.m., Defendant Officers stated that they had seen Plaintiff give the acquaintance money."

22.     On or about November 8, 2011, at or about 5:30 p.m. Plaintiff was arrested for Criminal Possession of Marihuana in the fifth degree.

23.     On or about November 8, 2011 at or about 5:30 p.m. Plaintiff was unlawfully arrested by the Defendants without a warrant.

24.     On or about November 8, 2011 at or about 5:30 p.m. Plaintiff was unlawfully arrested by the Defendants without reasonable suspicion, probable cause or any other valid basis for a warrantless arrest.

25.     On or about November 8, 2011 at or about 5:30 p.m. Plaintiff did not engage in any conduct, behavior or activity that was criminal, suspicious, or dangerous to himself or others.

26.     On or about November 8, 2011 at or about 5:30 p.m., Defendants unlawfully handcuffed Plaintiff.

27.     On or about November 8, 2011, Defendants did not read Plaintiff his <u>Miranda</u> rights.

28.     On or about November 8, 2011 at or about 5:30 p.m. Plaintiff was unlawfully detained and taken to the 10th Precinct of the New York City Police Department where he was unlawfully imprisoned.

29.     On or about November 8, 2011, Plaintiff was unlawfully strip search by the Defendants.

30.     On or about November 8, 2001, Plaintiff was humiliated, embarrassed and suffered mental anguish as a result of the unlawful strip search conducted by the Defendants.

31.     On or about November 8, 2011, Plaintiff did not threaten Defendants in any manner at any point.

32.     On or about November 8, 2011, at no time during the events described herein was Plaintiff intoxicated, incapacitated a threat to the safety of himself or others or disorderly.

33.     On or about November 8, 2011, Plaintiff was not in possession of marijuana.

34.     On or about November 8, 2011, the Defendants had no warrant for the arrest of Plaintiff, no probable cause for the arrest of Plaintiff, and no legal cause or excuse to seize Plaintiff.

35.    Upon information and belief, Defendants intentionally attempted to deprive Plaintiff of his liberty.

36.    Upon information and belief, Defendants intentionally deprived Plaintiff of his liberty.

37.    On or about November 8, 2011, Plaintiff was deprived of his civil rights by Defendants while acting under color of state law.

38.    On or about November 8, 2011, Defendants confined Plaintiff to a bounded area.

39.    On or about November 8, 2011, Defendants intended to confine Plaintiff to a bounded area.

40.    On or about November 8, 2011, Defendants falsely imprisoned Plaintiff.

41.    On or about November 8, 2011, Defendants wrongfully arrested Plaintiff.

42.    On or about November 8, 2011, Defendants wrongfully imprisoned Plaintiff.

43.    On or about November 8, 2011, Defendants photographed Plaintiff.

44.    On or about November 8, 2011, Defendants took fingerprints of Plaintiff.

45.    On or about November 8, 2011, Defendants strip searched the Plaintiff.

46.    On or about November 8, 2011, Defendant humiliated and harassed Plaintiff.

47.    Upon information and belief, Defendants' entire course of conduct against Plaintiff was as a result of a lack of training by Defendant CITY OF NEW YORK.

48.    Upon information and belief, Defendants' entire course of conduct against Plaintiff was as a result of a lack of improper supervision by Defendant CITY OF NEW YORK.

49.    Upon information and belief, Defendants' entire course of conduct against Plaintiff was as a result of a lack of improper hiring by Defendant CITY OF NEW YORK.

50.    As a result of Defendants' actions, Plaintiff had a reasonable apprehension of immediate harmful and offensive touching.

51.    There was no justification for the amount of force use by Defendants in their detention of Plaintiff.

52.    Defendants' behavior was towards Plaintiff on or about November 8, 2011 was prohibited by federal law.

53.    Plaintiff's right not to be subject to the illegal conduct of Defendants was clearly established on or about November 8, 2011.

54.    It was objectively reasonable for Defendants to know that their conduct violated the rights of Plaintiff on November 8, 2011.

55.    A reasonable officer in Defendants' position would not have thought his/her actions were lawful on or about November 8, 2011.

56.    On or about December 12, 2011, the charges against Plaintiff were dismissed.

## AS A FIRST CAUSE OF ACTION

57.    Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "56" inclusive, with the same force and effect as if more fully set forth at length herein.

58.    Plaintiff has been deprived of his civil rights by Defendants while acting under color of state law in violation of 42 USC § 1983.

59.    That by reason of the foregoing, Plaintiff has suffered damages and seeks recovery compensatory damages and reasonable attorneys' fees and costs from all defendants and punitive

damages from all individual defendants, in an amount to be determined upon the trial of this action.

## AS A SECOND CAUSE OF ACTION

60.     Plaintiff repeats and reiterates each and every allegation contained in paragraphs numbered "1" through "59" inclusive, with the same force and effect as if more fully set forth at length herein.

61.     Defendants had a duty to properly train Defendant Officers and Defendants failed to properly train Defendant Officers.

62.     The failure to properly train Defendant Officers caused Plaintiff to be deprived of his civil rights by a person(s) acting under color of state law in violation of 42 USC § 1983.

63.     The failure to properly train Defendant Officers caused Plaintiff to be deprived of his civil rights by the Defendants acting under color of state law in violation of 42 USC § 1983.

64.     Defendants had a duty to properly supervise Defendant Officers and Defendants failed to properly supervise Defendant Officers.

65.     The failure to properly supervise Defendant Officers caused Plaintiff to be deprived of his civil rights by a person(s) acting under color of state law in violation of 42 USC § 1983.

66.     That by reason of the foregoing, Plaintiff has suffered damages and seeks recovery compensatory damages and reasonable attorneys' fees and costs from all defendants and punitive damages from all individual defendants, in an amount to be determined upon the trial of this action.

WHEREFORE, Plaintiff demands judgment against the Defendants in an amount to be determined at trial including but not limited to compensatory damages against all Defendants and punitive against the Defendant Officers together with attorneys' fees and the costs and disbursements of this action.

## JURY DEMAND

Plaintiff demands a trial by jury.

Dated: New York, New York
     May 30, 2012

MARK L. LUBELSKY AND ASSOCIATES

By:_____
Mark L. Lubelsky, Esq.
Attorneys for Plaintiff
123 West 18th Street, Eighth Floor
New York, New York 10011
(212) 242-7480

## CLIENT VERIFICATION

RONALD LAURIA, being duly sworn deposes and says the following under the

penalties of perjury;

  I am the plaintiff in the within action, and as such, I am fully familiar with all the

facts and circumstances herein.

  I have read the foregoing COMPLAINT, and know the contents thereof; the same

is true to my own knowledge, except as to the matters therein alleged to be on

information and belief, and as to those matters, I believe them to be true.


Dated: New York, New York

  MAY 30, 2012

               _____

               RONALD LAURIA


State of New York  )
         ) ss.:
County of New York )

On the 30th day of MAY, in the year 2012 before me, the undersigned, a Notary Public an
and for the State, personally appeared RONALD LAURIA personally known to me or
proved to me on the basis of satisfactory evidence to be the individual(s) who name(s) is
(are) subscribed to the within instrument and acknowledged to me that he/she/they
executed the same in his/her/their capacity(ies), and that by his/her/their signature(s) on
the instrument, the individual(s)  or the person upon behalf of which the individual(s)
acted, executed the instrument

_____
Notary Public:State of New York

Diana Morales
Notary Public:State of New York
No.01M06183056
Qualified in Bronx County
Commission Expires March.10.20_16_